UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

OMAR SHABAZZ and DONALD WALLACE aka
PERRINGTON,

                                    Plaintiffs,

                  -against-

KIERAN KAILER, Tax I.D. #932839, and THE CITY OF
NEW YORK,

                                  Defendants.

15 Civ. 2798 (JGK)

-------------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel:*    *Qiana Smith-Williams*
*Tel:*            *(212) 356-2360*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ii

PRELIMINARY STATEMENT .........................................................................1

STATEMENT OF ALLEGED FACTS ...............................................................1

STANDARD OF REVIEW...................................................................................5

POINT I

    THERE WAS PROBABLE CAUSE FOR PLAINTIFFS' PROSECUTION ..................6

POINT II

    PLAINTIFFS' DENIAL OF A FAIR TRIAL CLAIM IS TIME BARRED ..................10

POINT III

    PLAINTIFFS' DENIAL OF A FAIR TRIAL CLAIM MUST BE DISMISSED BECAUSE NEITHER CAN SHOW THAT THE ALLEGED EVIDENTIARY FABRICATIONS LED TO A DEPRIVATION OF THEIR LIBERTY ..............................................11

    A.    Plaintiffs Did Not Suffer A Deprivation Of Liberty As A Result Of Officer's Representations To The Prosecutor ..................................................................12

    B.    To The Extent That Plaintiffs Suffered Any Deprivation Of Libery, Either The Trial Court Or Plaintiffs Themselves Were The Cause ..............................13

    C.    The Alleged Fabricated Evidence Was Not Material ..................................15

POINT IV

    OFFICER KAILER IS ENTITLED TO QUALIFIED IMMUNITY ..........................16

CONCLUSION....................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Ashcroft v. Iqbal,
   129 S. Ct. 1937 (2009)................................................................................................5

Bank v. Pentagroup Fin., LLC,
   08-CV-5293, 2009 U.S. Dist. LEXIS 47985 (E.D.N.Y. June 9, 2009) ....................................5

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007)................................................................................................5, 6

Blasini v. City of New York,
   No. 11 Civ. 3022 (SAS) (S.D.N.Y. Apr. 18, 2012) (unpublished opinion)...............................7

Brandon v. City of New York,
   705 F. Supp. 2d 261 (S.D.N.Y. 2010).....................................................................10

Brass v. Am. Film. Techs.,
   987 F.2d 142 (2d Cir. 1993).....................................................................................5

Cabral v. City of New York,
   2014 U.S. Dist. LEXIS 131342 (S.D.N.Y. Sept. 17, 2014)........................................9

Carr v. City of New York,
   2013 U.S. Dist. LEXIS 57545 (S.D.N.Y. April 19, 2013) ......................................10

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002).....................................................................................6

Coggins v. Buonora,
   No. CV-13-4635, 2015 U.S. App. LEXIS 487 (2d Cir. Jan. 13, 2015)....................................7

Colon v. City of New York,
   60 N.Y.2d 78 (1983) ...............................................................................................6

Dawson v. Snow,
   356 Fed. Appx. 526 (2d Cir. 2009)..........................................................................6

Environmental Servs. v. Recycle Green Servs.,
   7 F. Supp. 3d 260, 278 (E.D.N.Y. 2014) ................................................................9

Escalera v. Lunn,
   361 F.3d 737 (2d Cir. 2004)...................................................................................16

Goodloe v. City of New York,
    2015 U.S. Dist. LEXIS 130927 (E.D.N.Y. Sept. 28, 2015).................................................9, 10

Hargroves v. City of New York,
    411 Fed. Appx. 378 (2d Cir. 2011).........................................................................................9

Harlow v. Fitzgerald,
    457 U.S. 800 (1982).............................................................................................................16

Hoyos v. City of New York,
    999 F. Supp. 2d 375 (E.D.N.Y. 2013) ................................................................10, 12, 13, 16

In re Jonathan V.,
    55 A.D.3d 273 (1st Dep't 2008) .............................................................................................9

In re Mark S.,
    274 A.D.2d 334 (1st Dep't 2000) ..........................................................................................9

Iqbal v. Hasty,
    490 F.3d 143 (2d Cir. 2007)...................................................................................................5

Jovanovic v. City of New York,
    486 Fed. Appx. 149 (2d Cir. 2012)...........................................................11, 12, 15, 16, 17

Jocks v. Tavernier,
    316 F.3d 128 (2d Cir. 2003)..................................................................................................12

Kanderskaya v. City of New York,
    590 Fed. Appx. 112 (2d Cir. N.Y. 2015) ...............................................................................8

Kirkendall v. Halliburton,
    707 F.3d 173 (2d Cir. 2013)...................................................................................................5

L-7 Designs, Inc. v. Old Navy, LLC,
    647 F.3d 419 (2d Cir. 2011)...................................................................................................5

Lewis v. City of New York,
    2013 U.S. Dist. LEXIS 180202 (E.D.N.Y. Dec. 24, 2013) ....................................................12

Lopez v. City of New York,
    14 Civ. 3743 (BMC), 2015 U.S. Dist. LEXIS 56123 (E.D.N.Y. Apr. 29, 2015) ...................15

Maldonado v. City of New York,
    2014 U.S. Dist. LEXIS 26239 (S.D.N.Y. Feb. 26, 2014).......................................................10

Malley v. Briggs,
    475 U.S. 335 (1986)..............................................................................................................16

Matthews v. City of New York,
    889 F. Supp. 2d 418 (E.D.N.Y. 2012) ...............................................................8, 9

Mitchell v. Home,
    377 F. Supp. 2d 361 (S.D.N.Y. 2005)..................................................................10

Mitchell v. Kugler,
    07 CV 1801, 2009 U.S. Dist. LEXIS 4655 (E.D.N.Y. Jan. 23, 2009)......................5

Morse v. Spitzer,
    2012 U.S. Dist. LEXIS 110241 (E.D.N.Y. Aug. 2, 2012)..........................10, 12, 16

Murphy v. Lynn,
    118 F.3d 938 (2d Cir. 1997)...............................................................................6

Orakwue v. City of New York,
    2013 U.S. Dist. LEXIS 137513 (E.D.N.Y. Sept. 25, 2013)...................................10

Owens v. Okure,
    488 U.S. 235 (1989)........................................................................................10

Pearson v. Callahan,
    129 S. Ct. 808 (2009).......................................................................................16

People v. Cooper,
    164 A.D.2d 893 (2d Dep't 1990)..........................................................................9

People v. Hutchenson,
    136 A.D.2d 737 (2d Dep't 1988)..........................................................................9

People v. Lemmons,
    40 N.Y.2d 505 (1976) .......................................................................................8

People v. Perrington,
    89 A.D.3d 529 (1st Dep't 2011), rev'd on other grounds, 22 N.Y.3d 896
    (2013)..............................................................................................................9

People v. Shabazz,
    22 N.Y.3d 896 (2013) ..................................................................................4, 14

People v. Verez,
    83 N.Y.2d 921 (1994) .......................................................................................8

Rehberg v. Paulk,
    132 S. Ct. 1497 (2012).................................................................................7, 17

Riccuiti v. New York City Transit Auth.,
    124 F.3d 123 (2d Cir. 1997)................................................................................9

Rothstein v. Carriere,
    373 F.3d 275 (2d Cir. 2004).................................................................................6

Savino v. City of New York,
    331 F.3d 63 (2d Cir. 2003)...............................................................................6, 7

Struthers v. City of New York,
    2013 U.S. Dist. LEXIS 76916 (E.D.N.Y. May 31, 2013) .................................12, 16

Targum v. Citrin Cooperman & Co., LLC,
    12 Civ. 6909 (SAS), 2013 WL 6087400 (S.D.N.Y. Nov. 19, 2013) .........................5

Townes v. City of New York,
    176 F.3d 138 (2d Cir. 1999).................................................................................9

United States v. Marrero,
    2014 U.S. Dist. LEXIS 99853 (E.D.N.Y. July 22, 2014) .......................................8

United States v. Mosquera,
    2013 U.S. Dist. LEXIS 77247 (E.D.N.Y. May 31, 2013) .......................................8

Vasquez v. City of New York,
    99 Civ. 4606 (DC), 2000 U.S. Dist LEXIS 8887 (S.D.N.Y. June 29, 2000)............6

Veal v. Geraci,
    23 F.3d 722 (2d Cir. 1994).............................................................................10, 11

Zahrey v. Coffey,
    221 F.3d 342 (2d Cir. 2000)...............................................................................15

**Statutes**

42 U.S.C. § 1983.....................................................................................1, 7, 9, 10

New York Penal Law § 265.15(3) ............................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..................................................................................5, 6, 18

## PRELIMINARY STATEMENT

Plaintiffs Omar Shabazz and Donald Wallace[1] bring this action against former New York City Police Department ("NYPD") Officer Kieran Kailer and the City of New York ("City"). Both plaintiffs assert claims for malicious prosecution and denial of due process and a fair trial pursuant to 42 U.S.C. § 1983 (Counts One and Two) against Officer Kailer. See the Amended Complaint at ¶¶ 102-14, annexed to the Declaration of Qiana Smith-Williams ("QSW Decl."), dated December 14, 2015, as Exhibit A. Plaintiff Shabazz further asserts claims against Officer Kailer for malicious prosecution pursuant to New York state law (Count Three) and a derivative claim against the City based on *respondeat superior* (Count Four). Id. ¶¶ 115-22. However, because there was probable cause to prosecute plaintiffs for gun possession and because plaintiffs have failed to identify any allegedly fabricated evidence that caused any deprivation of liberty, the complaint should be dismissed.

## STATEMENT OF ALLEGED FACTS

Plaintiffs allege that they were arrested during the early morning hours of January 10, 2008.[2] Id. ¶ 21. Prior to their arrest, plaintiffs allege that they and two other non-party individuals (including one female named Cornielle) were in a car proceeding south on Adam Clayton Boulevard in Manhattan when they were stopped by defendant Officer Kailer and his

---

[1] This matter was initially commenced by plaintiff Omar Shabazz on or about April 10, 2015. By letter motion, dated October 22, 2015, counsel requested, and was subsequently granted, permission to file an amended complaint adding Donald Wallace, also known as Donald Perrington, as a plaintiff. Plaintiffs filed an Amended Complaint on November 30, 2015.

[2] Plaintiffs begin their amended complaint with some colorful new allegations (none of which are relevant to the present motion) concerning Officer Kailer. See the sealed Amended Complaint ¶¶ 15-17.

partner, Sergeant Albin.  Id. ¶¶ 18-26.  Shabazz was seated behind the driver (next to Cornielle), and Wallace was in the front passenger seat (in front of Cornielle).  Id. ¶ 18.

According to plaintiffs, all four occupants were asked to (and did) exit the car.  Id. ¶¶ 28-31.  After Cornielle attempted to exit the car with her purse and some Chinese food she had just purchased, Sergeant Albin told her to put both items back in the car.  Id. ¶ 30.  After Cornielle placed her purse on the backseat, presumably where she was previously sitting next to Shabazz, Officer Kailer allegedly grabbed the purse, felt that there was a gun inside of it, and opened the purse.  Id. ¶¶ 35.  Kailer then pulled a "small 9mm handgun" from the purse, and plaintiffs and their companions were arrested.[3]  Id. ¶¶ 35-36.

During the course of an interview that was conducted at the precinct, plaintiffs allege that Corneille informed Officer Kailer that the gun was hers and that none of the other passengers were aware that the gun was in her purse.  Id. ¶¶ 38-39.  Plaintiffs further assert that neither of them, in fact, knew of the presence of the gun.  Id. ¶¶ 39-40.  Plaintiffs also maintain that Cornielle subsequently informed plaintiff Wallace's attorney that the gun was hers.  Id. ¶ 47.

Plaintiffs allege that Officer Kailer, "[i]n furtherance of his scheme to falsely charge the three men with weapons possession . . . manufactured photographic evidence" by taking a bottle of "Champaign" [sic] from the trunk and "a mostly-empty bottle of Hennessey that had not been in the car at the time it was stopped" and placing them in the back seat of the vehicle.  Id. ¶¶ 48-49.  According to plaintiffs, Officer Kailer then:

--------------------------

[3] Plaintiffs assert that the vehicle's driver later admitted he was in possession of "a small amount of marihuana", but that none of the vehicle's occupants were smoking marihuana, that there was no evidence of any marihuana use, and that there was alcohol only inside the trunk of the vehicle.  Id. ¶¶ 20, 37 & 43.

2

- provided the falsified photographic evidence to Assistant District Attorney ("ADA") Joanne Li

- provided Li with "a misleading and inaccurate affidavit" that failed to state that (1) the purse belonged to Cornielle and that she tried to exit the vehicle with it, (2) Kailer found the purse and the gun only because his partner (Sergeant Albin) told Cornielle to put it back in the car, and (3) Cornielle repeatedly admitted to him that the gun was hers

- falsely informed Li that he saw the purse, top flap unlatched and askew, on the back seat of the vehicle with the gun butt sticking out of the top of the purse, which plaintiffs claim was not possible given the size of the purse

- falsely stated to Li that he pulled the vehicle over because the driver changed lanes without signaling

- falsely stated to Li that he smelled marihuana in the vehicle, even though he "admitted" he did not subsequently find any other evidence of marihuana use in the vehicle

Id. ¶¶ 51-63.

Plaintiffs assert that Officer Kailer subsequently "lied repeatedly" before the grand jury by testifying that:

- he stopped the vehicle because it was "speeding and weaving in and out of traffic"

- he smelled marihuana when he spoke to the driver, which is why he asked the driver to exit the vehicle

- he saw the purse, with the gun butt sticking out of it, in the middle of the back seat

- he saw the bottles of Hennessey and "Champaign" next to the purse

- the gun was larger than it actually was (which plaintiffs appear to believe was necessary to support Kailer's theory of how such a tiny 9mm handgun in such a gargantuan purse that otherwise contained only "some small pieces of paper" could have been visible)

Id. ¶¶ 59 & 64-69.  According to plaintiffs, Officer Kailer failed to testify about the alleged circumstances indicating that the purse belonged to Cornielle, as well as her admission that the

gun belonged to her.  Id. ¶ 70.  Shabazz, Wallace, and Cornielle, were ultimately indicted on weapons possession charges.[4]

Plaintiffs allege that Officer Kailer perpetuated his evidence falsification at plaintiffs' suppression hearing, see id. ¶¶ 72-75, and their ensuing trial.[5]  See id. ¶¶ 80-87.  Plaintiffs assert that at trial, there was no evidence connecting them (at least directly) to the handgun, and that their attempt to have Wallace's former attorney testify that Cornielle had told him that the gun was hers was rejected by the trial judge.  Id. ¶¶ 89-90.  Plaintiffs feign surprise that Cornielle was acquitted at her trial with some sleight-of-hand allegations of what transpired thereat.  See id. ¶ 78 ("At the trial, Cornielle admitted that she told Wallace's attorney that the gun was hers.  But, remarkably, she was acquitted of all charges.").  What plaintiffs' neglect to state, however, is that Cornielle testified at trial that the weapon in fact was *not* hers.  See People v. Shabazz, 22 N.Y.3d 896, 897 (2013), annexed to the QSW Decl. as Exhibit B.  Additionally, although plaintiffs claim that the testimony of Sergeant Albin (Officer Kailer's partner) "contradicted Kailer's testimony" at trial, under plaintiff's version of the facts, the sergeant merely stated he did not see anything in the back seat of the vehicle.  Id. ¶ 88.

Plaintiffs were convicted on gun possession charges, but the convictions were overturned on appeal based on the trial court's exclusion, on hearsay grounds, of the testimony of Wallace's

---

[4] The driver was indicted on a marihuana charge, which plaintiffs claim was dismissed after the marihuana was suppressed because "there was no probable cause to remove [the driver] from the vehicle".  Id. ¶ 71.

[5]  In their amended complaint, plaintiffs embellish their allegations with a new "if it don't fit, you must acquit" characterization of Kailer's testimony about Cornielle's purse and gun (which seem to get larger and smaller, respectively, as plaintiffs' story progresses).  See Amended Complaint ¶¶ 83-84.

former attorney.  Amended Complaint ¶¶ 92-93; Shabazz, 22 N.Y.3d at 898-99.  The New York

District Attorney eventually decided not to retry plaintiffs.  Id. ¶ 96.

## STANDARD OF REVIEW

In order to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The plausibility standard "obliges a pleader to

amplify a claim with some factual allegations in those contexts where such amplification is

needed to render the claim plausible."  Mitchell v. Kugler, 07-CV-1801, 2009 U.S. Dist.

LEXIS 4655, *13-15 (E.D.N.Y. Jan. 23, 2009) (quoting Iqbal v. Hasty, 490 F.3d 143, 157-58

(2d Cir. 2007) (interpreting Twombly)(italics omitted); see also Bank v. Pentagroup Fin., LLC,

08-CV-5293, 2009 U.S. Dist. LEXIS 47985 (E.D.N.Y. June 9, 2009) (a plaintiff is no longer

"entitled to unlimited favorable inferences at the motion to dismiss stage.").  "Allegations in

the complaint that are 'contradicted by more specific allegations or documentary evidence' are

not entitled to a presumption of truthfulness."  Targum v. Citrin Cooperman & Co., LLC, 12 Civ.

6909 (SAS), 2013 WL 6087400, *3, n.60 (S.D.N.Y. Nov. 19, 2013) (citing Kirkendall v.

Halliburton, 707 F.3d 173, 175 n.1 (2d Cir. 2013); L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d

419, 422 (2d Cir. 2011)).

In resolving a motion to dismiss, "consideration is limited to the factual allegations in

plaintiff's complaint, which are accepted as true, to documents attached to the complaint as an

exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to

documents either in plaintiff's possession or of which plaintiff has knowledge and relied on in

bringing the suit."  Brass v. Am. Film. Techs., 987 F.2d 142, 150 (2d Cir. 1993).  Even where a

document is not incorporated by reference, "the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (internal citations omitted).   Additionally, "a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)," including arrest reports, criminal complaints, indictments, and criminal court documents.  Vasquez v. City of New York, 99 Civ. 4606 (DC), 2000 U.S. Dist LEXIS 8887, at *3 (S.D.N.Y. June 29, 2000) (citations omitted).   Accordingly, the Court may review the documents attached to the QSW Decl. and submitted in support of this motion.

## ARGUMENT

### POINT I

### THERE WAS PROBABLE CAUSE FOR PLAINTIFF'S PROSECUTION

In order to state a claim for malicious prosecution pursuant to either federal or New York state law, a plaintiff must show "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997) (citation omitted); see also Dawson v. Snow, 356 Fed. Appx. 526, 529 (2d Cir. 2009) (quoting Colon v. City of New York, 60 N.Y.2d 78, 82 (1983)); Rothstein v. Carriere, 373 F.3d 275, 282 (2d Cir. 2004).  "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution." Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003) (internal citation omitted).

First, where, as here, a plaintiff is indicted, there is a presumption that there was probable cause for the prosecution. Savino, 331 F.3d at 72. Said presumption "may only be rebutted by

6

evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." Id. at 72 (quoting Colon v. New York, 468 N.Y.S.2d 453, 456 (1983)).  Plaintiff, however, cannot rebut the presumption of probable cause established by the indictment by reference to Officer Kailer's testimony before the Grand Jury.  See e.g. Coggins v. Buonora, No. CV-13-4635, 2015 U.S. App. LEXIS 487 (2d Cir. Jan. 13, 2015) (holding that, post-Rehberg, a plaintiff cannot establish a § 1983 claim by relying on grand jury testimony); Blasini v. City of New York, No. 11 Civ. 3022 (SAS) (S.D.N.Y. Apr. 18, 2012) (unpublished opinion) ("Rehberg prevents [a plaintiff] from rebutting the presumption of probable cause by arguing that defendants made misrepresentations to the grand jury . . . .").  Moreover, because plaintiff's indictment for gun possession was not the result of the alleged false testimony concerning the circumstances of the car stop and/or the alcohol in back seat, neither can rebut the presumption of probable cause.

Second, even accepting plaintiffs' allegations that Officer Kailer falsely accused them of gun possession even though the gun was found in Cornielle's purse and she allegedly claimed ownership of it as true for the purposes of this motion, there was probable cause to prosecute them for gun possession.  Regardless of the alleged ownership of the gun, there is no dispute that the gun was found in a vehicle that was occupied by plaintiffs -- that fact alone is sufficient to create probable cause to prosecute.

New York Penal Law § 265.15(3) provides, in relevant part, that the "presence in an automobile, other than a stolen one or a public omnibus, of any firearm . . . is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon,

instrument or appliance is found . . "[6]   N.Y. Pen. Law § 265.15(3).   "The statutory presumption establishes a *prima facie* case against the defendant which presumption he may, if he chooses, rebut by offering evidence."   United States v. Marrero, 2014 U.S. Dist. LEXIS 99853 at (E.D.N.Y. July 22, 2014) (quoting People v. Lemmons, 40 N.Y.2d 505, 510 (1976).   In addition, it is well-settled in New York that a purse is not considered to be "upon the person" for purposes of negating the automobile presumption.   Lemmons, 40 N.Y.2d at 511-12; see also Matthews v. City of New York, 889 F. Supp. 2d 418, 436 (E.D.N.Y. 2012); People v. Verez, 83 N.Y.2d 921, 923-24 (1994).   Accordingly, plaintiffs' possession of the gun was presumed, and their criminal prosecution was supported by probable cause.

Any claim by plaintiffs that probable cause did not exist based on Cornielle's alleged admission that the gun was hers would be meritless.   Even if such an admission was made, Officer Kailer was not required to accept Cornielle's claim that she owned the gun (which, tellingly, she later disavowed).[7]   See, e.g., Kanderskaya v. City of New York, 590 Fed. Appx. 112 (2d Cir. N.Y. 2015) (noting that an officer need not believe one person's version of events

---

[6] The presumption does not apply in the following circumstances:   "(a) if such weapon, instrument or appliance is found upon the person of one of the occupants therein; (b) if such weapon, instrument or appliance is found in an automobile which is being operated for hire by a duly licensed driver in the due, lawful and proper pursuit of his or her trade, then such presumption shall not apply to the driver; or (c) if the weapon so found is a pistol or revolver and one of the occupants, not present under duress, has in his or her possession a valid license to have and carry concealed the same."   N.Y. Pen. Law § 265.15(3).   Where (as in the present case) none of the statutory exceptions apply, the criminal defendant "is presumed to have had possession of the firearm found in the vehicle and it is [his or her] burden to rebut the presumption."   United States v. Mosquera, 2013 U.S. Dist. LEXIS 77247 at 31-32 (E.D.N.Y. May 31, 2013) (citing Lemmons, 40 N.Y.2d at 510).

[7] It certainly would be an odd result to require Officer Kailer to accept Cornielle's statement as true and conclusive, only to permit her to later disavow the truth of the statement and be acquitted of the weapons possession charge.

over another's nor "explore and eliminate every theoretically plausible claim of innocence before making an arrest") (quoting Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997); see also Matthews, 889 F. Supp. 2d at 435 (rejecting plaintiffs' claim that the defendant officers were required to consider "the totality of the circumstances" when applying the automobile presumption).   Further, by its terms, the automobile presumption addresses *possession*, not *ownership*.  See N.Y. Pen. Law § 265.15(3).  Accordingly, an admission of gun *ownership* by an occupant of a vehicle does not negate the statutory presumption of *possession* by others in the vehicle.  See, e.g., In re Jonathan V., 55 A.D.3d 273, 277-78 (1st Dep't 2008); In re Mark S., 274 A.D.2d 334 (1st Dep't 2000); People v. Cooper, 164 A.D.2d 893, 894 (2d Dep't 1990); People v. Hutchenson, 136 A.D.2d 737, 738-39 (2d Dep't 1988).  Plaintiffs should be aware of this principle from their own trial.  See People v. Perrington, 89 A.D.3d 529, 530 (1st Dep't 2011), rev'd on other grounds, 22 N.Y.3d 896 (2013).[8]

Finally, any claim by plaintiffs that an allegation of evidence falsification automatically defeats a probable cause defense to a malicious prosecution claim (as opposed to a fair trial claim) would be meritless.  "Even where [the] plaintiff alleges . . . that the malicious prosecution

_____

[8] Additionally, any claim by plaintiffs that there was no probable cause for the car stop and/or search and therefore no basis to apply the automobile presumption would be an improper attempt to apply to the "fruit of the poisonous tree" doctrine in the civil context.  It is well-settled that the criminal evidentiary rule has no application in civil cases, including section 1983 cases.  See, e.g., Hargroves v. City of New York, 411 Fed. Appx. 378, 384 (2d Cir. 2011); Townes v. City of New York, 176 F.3d 138, 145-46 (2d Cir. 1999); Environmental Servs. v. Recycle Green Servs., 7 F. Supp. 3d 260, 278 (E.D.N.Y. 2014); Cabral v. City of New York, 2014 U.S. Dist. LEXIS 131342 at 21 (S.D.N.Y. Sept. 17, 2014).  In Matthews v. City of New York, *supra*, the court specifically addressed (and rejected) the application of the "fruit of the poisonous tree" doctrine under circumstances similar to the present case.  See 889 F. Supp. 2d at 434 ("Because the fruit of the poisonous tree doctrine is unavailable for Section 1983 claimants, the firearm seized by the Individual Defendants pursuant to the allegedly unlawful traffic stop and search may provide probable cause for plaintiffs' arrest for purposes of their false arrest and imprisonment claims.").

is based on fabricated evidence, the existence of probable cause independent of the fabricated evidence is a defense to that claim." Goodloe v. City of New York, 2015 U.S. Dist. LEXIS 130927 at 19 (E.D.N.Y. Sept. 28, 2015) (quoting Hoyos v. City of New York, 999 F. Supp. 2d 375, 390 (E.D.N.Y. 2013)); see also Maldonado v. City of New York, 2014 U.S. Dist. LEXIS 26239 at 24 (S.D.N.Y. Feb. 26, 2014); Morse v. Spitzer, 2012 U.S. Dist. LEXIS 110241 at 7-16 (E.D.N.Y. Aug. 2, 2012).

In sum, there was probable cause to prosecute plaintiffs, and accordingly, their claims for malicious prosecution (Counts One and Three) must be dismissed.  In addition, because plaintiff Shabazz's *respondeat superior* claim is derivative of his malicious prosecution claim, Count Four of the Amended Complaint should be dismissed as well.

## POINT II

### PLAINTIFFS' DENIAL OF A FAIR TRIAL CLAIM IS TIME BARRED

"Under New York law, the statute of limitations for § 1983 claims premised on torts such as fabrication of evidence is three years." Mitchell v. Home, 377 F. Supp. 2d 361, 373 (S.D.N.Y. 2005) (citing Owens v. Okure, 488 U.S. 235, 251 (1989)).  "A denial of a right to a fair trial claim premised on the fabrication of evidence accrues when a plaintiff learns or should have learned that the evidence was fabricated and caused him some injury." Orakwue v. City of New York, 2013 U.S. Dist. LEXIS 137513 at 20-21 n.6 (E.D.N.Y. Sept. 25, 2013) (citing Mitchell, 377 F. Supp. 2d at 373); see also Carr v. City of New York, 2013 U.S. Dist. LEXIS 57545 at 22 (S.D.N.Y. April 19, 2013); Brandon v. City of New York, 705 F. Supp. 2d 261, 278 (S.D.N.Y. 2010).  "The reference to 'knowledge of the injury' does not suggest that the statute does not begin to run until the claimant has received judicial verification that the defendants' acts

were wrongful." Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1994), and cases cited therein; accord Mitchell, 377 F. Supp. 2d at 373.

By plaintiffs' own admission, they were aware of the allegedly fabricated evidence during the suppression hearing held in July 2008.  See Amended Complaint ¶¶ 72-75. Nevertheless, plaintiffs cannot dispute that they were well aware of the allegedly fabricated evidence by the time of their trial in December 2008, at the very latest.  See Amended Complaint ¶¶ 79-87.  Thus, even being generous, the statute of limitations began to run on plaintiffs' fair trial claim upon their convictions in December 2008 and plaintiffs were required to commence any civil rights litigation based thereon no later than December 2011.  Plaintiffs, however, did not commence this litigation until April 2015 - more than three years after the statute of limitations had expired.

## POINT III

### PLAINTIFFS' DENIAL OF A FAIR TRIAL CLAIM MUST BE DISMISSED BECAUSE NEITHER CAN SHOW THAT THE ALLEGED EVIDENTIARY FABRICATIONS LED TO A DEPRIVATION OF THEIR LIBERTY

Plaintiffs assert that they were denied a fair trial based on:  (1) the allegedly staged photographic evidence depicting alcoholic beverages in the vehicle; (2) Officer Kailer's allegedly false testimony about how he found the gun in the middle of the back seat of the vehicle; and (3) Officer Kailer's allegedly false testimony about the circumstances justifying the traffic stop.  See Amended Complaint ¶¶ 109-111.  "A person suffers a constitutional violation if an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result."  Jovanovic v. City of New York, 486 Fed. Appx. 149, 152 (2d Cir. 2012) (citing

11

Jocks v. Tavernier, 316 F.3d 128, 138 (2d Cir. 2003) and Ricciuti, 124 F.3d at 130).   Plaintiff

cannot meet the fair trial standard.

### A.   Plaintiff Did Not Suffer A Deprivation Of Liberty As A Result Of Officer Kailer's Representations To The Prosecutor

To the extent plaintiffs are alleging (or will argue) that their fair trial claim is based on

the information Kailer gave to ADA Li – rather than Kailer's own grand jury, suppression

hearing or trial testimony – they in effect are restating their malicious prosecution claim.   Cast in

that manner, both claims fail for essentially the same reason.   As the court stated in Struthers v.

City of New York, *supra*:

> In cases, such as this one, where the evidence
> fabrication claim "arise[s] from allegations that a
> police officer fabricated evidence and forwarded it
> to prosecutors in order to provide probable cause for
> an arrest or prosecution . . ., the question of whether
> the   defendant   fabricated   evidence   becomes
> synonymous with the question of whether genuine
> probable cause existed, and accordingly a plaintiff's
> malicious prosecution and fair trial claims would
> rise or fall together."

2013 U.S. Dist. LEXIS 76916 at 43 n.18 (quoting Morse, 2012 U.S. Dist. LEXIS 110241 at 15);

accord Lewis v. City of New York, 2013 U.S. Dist. LEXIS 180202 at 23-24 (E.D.N.Y. Dec. 24,

2013).

As explained in more detail in Hoyos v. City of New York, *supra*, "a fair trial claim

based on allegations that the police fabricated evidence requires that the plaintiff 'suffer[] a

deprivation of liberty *as a result*' of the alleged fabrication."   999 F. Supp. 2d at 393 (quoting

Jovanovic, 486 Fed. App'x at 152; emphasis added by Hoyos).   For a fair trial claim premised on

the police officer providing false information to prosecutors, the plaintiff must "identify how

[the] alleged fabrications resulted in a deprivation of his liberty".   Id. at 394.   Where, as in the

present case, the deprivation resulted from the prosecution itself, and such prosecution was supported by probable cause independent of the allegedly false statements to the prosecutors, the fair trial claim fails. See id. As previously discussed, the deprivations of liberty in the present case were the result of plaintiffs' prosecution on weapons possession charges, which were supported by the automobile presumption contained in Penal Law § 265.15(3).

**B.    To The Extent That Plaintiffs Suffered Any Deprivation of Liberty, Either The Trial Court Or Plaintiffs Themselves Were The Cause**

As an initial matter, the omission of Cornielle's alleged statements cannot serve as the basis of a fair trial claim since all parties and the trial court were well aware of the alleged statements prior to the commencement of plaintiffs' trial. To the extent that plaintiffs suffered any deprivation of liberty, such deprivation is attributable either to the trial court's refusal to permit the testimony of Wallace's attorney or plaintiffs' decision not to call Cornielle as a trial witness, or both.

According to plaintiffs, Cornielle advised Wallace's former attorney that the gun was hers and that she previously told the police so. During their criminal trial, plaintiffs sought to have Wallace's attorney testify as to his conversation with Cornielle. The trial court, however, declined to allow the testimony to be admitted due to the fact that the alleged admission of ownership by Cornielle was unreliable (in that she testified at her own trial that the gun was *not* hers[9]) and because plaintiffs had not established that Cornielle (the proper witness to testify to

---

[9] Defendants note that Shabazz, Wallace, and Cornielle were initially jointly prosecuted, however, once it became clear that Cornielle not only denied ownership of the gun, but intended to offer evidence suggesting that the gun belonged to either or both of the plaintiffs here, the prosecutions were severed since the allegations against plaintiffs were found to be overly prejudicial. See Transcript of Proceedings in People v. Cornielle, et al., Indictment No.

said statements) was unavailable.  See Shabazz, 22 N.Y.3d at 898.  Thus, to the extent that an omission to provide allegedly favorable evidence can constitute fabricated evidence for the purposes of the fair trial standard, the jury was deprived of evidence concerning the Cornielle admission not because of any action by Officer Kailer but because the trial court refused to permit entry of the attorney's testimony.

Moreover, plaintiffs themselves were the cause of any alleged deprivation of liberty. After the trial court refused to admit Wallace's attorney's testimony, plaintiffs took no steps to introduce the alleged statements through Cornielle herself.  Therefore, to the extent that the evidence was not presented to the jury, it was as a result of a strategic decision by plaintiffs not

---

0294/2008, dated September 22, 2008, annexed to the QSW Decl. as Exhibit C, at 52:6-12, 52:21-53:3:

> On January 10[th], Ms. Cornielle had the misfortune of associating herself with someone who decided to arm themselves with a semiautomatic pistol that contained hollow point bullets inside and decided to cowardly and surreptitiously stick it into her purse so as to avoid blame.  That's what the evidence will show.
>
> What happened next is the police – I don't dispute anything that Ms. Li is saying – suddenly stopped the car and that person, one of the defendants, one of those other two men, and the evidence is going to show there's a back seat passenger, Mr. Shabazz, didn't have time to react, so what he did was he took the loaded handgun and rid it of himself to shift blame to Ms. Cornielle and stuck it in her purse.

See also 59:22-60:3 ("With respect to the application from counsel for a mistrial it would appear to me at this point the posture of the defendant Cornielle and that of defendants Perrington and Shabazz are, as both counsel has suggested, antagonistic here, and as such each counsel and each defendant would be entitled to have their motion to sever granted.").

to do so.  See Transcript of Proceedings in People v. Perrington, et al., Indictment No. 0294/2008, dated December 16, 2008, annexed to the QSW Decl. as Exhibit D, at 319:2-6 ("The Court: If you want her to testify that it's her gun and not there's -- Mr. Levy: No, I don't. She will testify the other way, because she's already testified to that.").

### C.  The Alleged Fabricated Evidence Was Not Material

None of the allegedly fabricated evidence – photographs of alcoholic beverages in the backseat of the car, testimony regarding the circumstances of the car stop, and/or testimony concerning how the gun was discovered – was material to the determination of whether or not plaintiffs were in possession of the gun found in the car pursuant to Penal Law § 265.15(3).  The fabrication of evidence alone does not amount to a constitutional violation.  See e.g. Lopez v. City of New York, 14 Civ. 3743 (BMC), 2015 U.S. Dist. LEXIS 56123, at *10 (E.D.N.Y. Apr. 29, 2105) ("The manufacture of false evidence, in and of itself . . . does not impair anyone's liberty, and therefore does not impair anyone's constitutional right.") (quoting Zahrey v. Coffey, 221 F.3d 342, 348 (2d Cir. 2000)).  Rather, in order to be actionable, the fabricated evidence must be of such a caliber that it influenced the jury's decision as to whether or not plaintiffs committed the crime for which they were prosecuted.  Jovanovic, 486 Fed. Appx. at 152 (the allegedly fabricated evidence must be "likely to influence a jury's decision").  With respect to the allegedly fabricated photographs of alcoholic beverages in the back seat of the vehicle, the requisite causation is absent because it is unlikely that such evidence influenced the jury determination to convict plaintiffs on weapons possession charges.  The same can be said of the testimony concerning the vehicle "speeding and weaving in and out traffic" and "switch[ing] lanes without using a signal," as well as testimony concerning the smell of marihuana in the car and/or that the tip of the butt of the gun was protruding from the purse.  Amended Complaint ¶¶

15

49, 61 & 65-67.  Accordingly, this non-material evidence cannot serve as the basis of a fair trial claim.[10]

### POINT IV

### OFFICER KAILER IS ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  Where reasonably competent officials could disagree as to whether the particular conduct at issue would violate clearly established rights, the defense of qualified immunity is available.  Malley v. Briggs, 475 U.S. 335, 341 (1986).  Further, an arresting officer is immune from suit if he can establish that there was "arguable probable cause" to arrest.  Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004). "Arguable probable cause" exists "if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met."  Id. at 743 (internal quotation omitted).  The analysis of "arguable probable cause" is even more favorable to a defendant officer than that of probable cause itself.  Id.

---

[10] Officer Kailer's allegedly false testimony about how he found the gun and the circumstances justifying the traffic stop also cannot form the basis of plaintiffs' claim since where, as here, "the only avenue by which the testimony could reach the jury was through [the defendant officer's] testimony, for which he enjoys absolute immunity", a fair trial deprivation claim fails for lack of causation.  Jovanovic, 486 Fed. Appx. at 152); see also Hoyos, 999 F. Supp. 2d at 393; Struthers v. City of New York, 2013 U.S. Dist. LEXIS 76916 at 43 n.8 (E.D.N.Y. May 31, 2013); Morse, 2012 U.S. Dist. LEXIS 110241 at 15.

As to plaintiff's claim for malicious prosecution, as set forth in Point I, supra, there was probable cause to arrest plaintiffs for gun possession pursuant to N.Y. Penal Law § 265.15(3). Further, even accepting plaintiffs' allegation that Cornielle admitted to ownership of the gun as true, because N.Y. Penal Law § 265.15(3) penalizes gun possession and *not* ownership, it was both objectively reasonable for Officer Kailer to believe that there was probable cause to prosecute plaintiffs for gun possession, and, it cannot be said that no reasonable officer presented with the same set of facts would have believed that there was probable cause to prosecute plaintiffs. Additionally, as to the denial of the right to a fair trial claim, because the claim is premised on judicial testimony by Officer Kailer, he is entitled to absolute immunity. See e.g. Jovanovic, 486 Fed. Appx. at 152 (finding police officer absolutely immune from claim of fabrication of evidence for testifying before the grand jury) (citing Rehberg v. Paulk, 132 S. Ct. 1497, 1505 (2012). Accordingly, Officer Kailer is immune from the claims alleged in this matter.

**CONCLUSION**

Based on the foregoing, defendants respectfully request that the Court dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) and further seek such costs, fees and other and further relief as the Court deems just and proper.

Dated:        New York, New York
              December 14, 2015

                                      ZACHARY W. CARTER
                                      Corporation Counsel of the
                                       City of New York
                                      Attorney for Defendants
                                      100 Church Street, Room 3-192
                                      New York, New York 10007
                                      (212) 356-2360

                              By:     /s/
                                      _____
                                      Qiana Smith-Williams
                                      Senior Counsel


To:   Via ECF
      Robert Rickner
      Peter Cross
      Eaton & Van Winkle
      *Attorneys For Plaintiffs*